# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Kevin Underwood, | ) | **Execution Date:** |
| | ) | **December 19, 2024 at 10:00AM** |
| Plaintiff, | ) | |
| | ) | _____ |
| v. | ) | |
| | ) | Case No. 5:24-cv-01266-G |
| Oklahoma Pardon and Parole | ) | |
| Board; Tom Bates, in his official | ) | |
| capacity as Director of the | ) | |
| Pardon and Parole Board; Richard | ) | |
| Miller, in his official capacity as | ) | |
| Chairperson of the Pardon and | ) | |
| Parole Board, | ) | |
| | ) | |
| Defendants. | ) | |

## Reply to the Board's Response to Underwood's Stay Request

The competing interests here are Underwood's interest in a fair and meaningful clemency hearing and the Pardon and Parole Board's interest in having that hearing on December 9, 2024. Clemency is Underwood's last chance to avoid execution, and he has a substantial interest in a fair hearing. It is literally life or death. By contrast, the Board has a minimal interest in not rescheduling Underwood's hearing, something it has already done once this week. And the Board has an interest in providing Underwood with a fair hearing consistent with state and federal law and the state and federal constitutions. Likewise, the Attorney General has already acknowledged he has "an overwhelming interest in ensuring that inmates are afforded all available rights before an execution is carried out." Emergency Petition

1

for Writ of Mandamus at 4, *Drummond v. Pardon and Parole Board*, No. MA-2024-943 (Okla. Crim. App. Dec. 2, 2024).

Underwood is not asking for special treatment. Rather, he merely seeks the same process that has been provided to every other clemency petitioner before him. Admittedly, clemency hearings are not required under federal law. Still, Oklahomans ingrained clemency proceedings in their state constitution as an additional fail safe in its criminal justice system. And with 18 U.S.C. § 3599(e), "Congress ensured that no prisoner would be put to death without meaningful access to the 'fail-safe' of our justice system." *Harbison v. Bell*, 556 U.S. 180, 194 (2009). Once these state and federal protections are provided, the Board cannot arbitrarily take them away. Respectfully, this Court should stay Underwood's clemency hearing for Monday, December 9, and it should stay Underwood's execution until he can have a fair and meaningful clemency hearing.

## I.    New facts have developed since Underwood filed his complaint.

On October 2, 2024, the Board scheduled Underwood's clemency hearing for December 4, 2024, at 9AM. Last Monday, two days before the scheduled hearing, the Board rescheduled the hearing for December 9, five days later than originally planned. Complaint, Att. 1. The Board formally informed counsel of the cancelation and rescheduling in the same email, and no one consulted with Underwood's counsel on whether the new hearing date was feasible. Importantly, rescheduling the meeting

gave no benefit to the Board. The Board confirmed the December 9 hearing would be before three members, just as it would have been had the hearing happened on December 4. Complaint, Att. 2. From the Board's perspective, the rescheduling was completely arbitrary. From Underwood's perspective, it was detrimental to his case. Postponing the hearing for five days with two days' notice ensured that Underwood would be missing half his legal team and potentially his only expert.

Underwood undersold his position in his original complaint. There, Underwood argued the two missing Board members amounted to last-minute burden shifting and violated due process because obtaining a majority of three members is more difficult than obtaining a majority of five members. Since then, Underwood has learned the Board still considers a "majority" of the votes to mean three members, as if there were five members on the Board. When the Board has five members, a majority is three votes. When the Board has three members, a majority is still three votes. So to receive a recommendation for clemency, Underwood must convince all three members on the parole board and obtain 100% of the vote. Two missing Board members are two missing opportunities for Underwood to obtain a three-vote majority, and defining "majority" in this way is arbitrary. This rule also reveals how the Board believes clemency hearings will be heard by a five-member Board, as is required by Oklahoma law.

In response to the Board canceling Underwood's hearing, the Attorney General's Office sought an extraordinary writ of mandamus arguing that rescheduling the clemency hearing was plainly unlawful. Emergency Petition for Writ of Mandamus at 2, *Drummond v. Pardon and Parole Board*, No. MA-2024-943 (Okla. Crim. App. Dec. 2, 2024). But just two days later, the Office changed its tune, and it is happy to move forward absent two Board members and half of Underwood's legal team. Indeed, not only is the Attorney General's Office no longer suing the Board, but it is now representing the Board in the present litigation.

The Board, which is supposed to be an impartial decisionmaker in Underwood's clemency proceeding, is being represented and influenced by one of the parties to that clemency proceeding. The Attorney General's Office argued on behalf of the Board that Underwood's hearing should be on Monday. Days ago, the Board told the Office it wanted to wait to hold Underwood's clemency hearing "until the two vacancies are filled and a full Board will be present." Emergency Petition for Writ of Mandamus at 2, *Drummond v. Pardon and Parole Board*, No. MA-2024-943 (Okla. Crim. App. Dec. 2, 2024). The Board wanted to provide Underwood with a full, five-member Board. *Id*. But a few days later, both then agreed on a December 9 hearing without consulting with Underwood's legal team. Taking score, the Attorney General changed his position on the lawfulness of rescheduling the hearing to align himself with the Board's position. And the Board has changed its position

on whether to move forward with three Board members to align itself with the Attorney General's position. It is also important to note that the Board has its own general counsel and that the Attorney General's entrance here is an anomaly. The Board and Attorney General are in cahoots with a common goal of conducting Underwood's clemency hearing as quickly as possible regardless of blatant violations of state and federal law.

The Board's collusion with one of the parties is worse when considering the Board's history. The Board went from five members to three members inside of a week. One of the resigning members is currently under investigation for bribery by the Oklahoma State Bureau of Investigation. Nolan Clay, *Former Pardon and Parole Board member under criminal investigation; clemency hearing delayed*, The Oklahoman (Dec. 2, 2024). Other former members are accused of colluding with district attorneys to ensure that clemency would be denied. Second Amended Complaint at 7-8, *Glossip v. Oklahoma Pardon and Parole Board*, Case No. CV-2023-1001 (Okla. County Dist. Ct. December 20, 2023). And a grand jury found that the Board "lacks transparency," as is required by the Oklahoma Open Meetings Act. Oklahoma County Grand Jury Final Report at 38-39, Case No. GJ-2021-1 (May 12, 2022).

The information about the Board's impartiality reveals more evidence of the Board's arbitrary decision making, and it provides the foundation for another claim.

Oklahoma law requires that people seeking clemency "shall be given impartial review as required in Section 10 of Article VI of the Oklahoma Constitution." Okla. Stat. tit. 57, § 332.22(H). Members of the Board "shall uphold and promote the independence, impartiality, fairness, and integrity of the Board, and should avoid impropriety, or the appearance of impropriety." *Id*. at 332.12(B). And Oklahoma ethics laws prohibit state officers from trying to influence the results of a state hearing while that official is in their official capacity as a state officer. Rule 2.9. The Board's policies also mandate that members avoid the perception of unethical behavior. Policy 104, https://oklahoma.gov/ppb/about/policy-procedures.html. The Board's and Attorney General's latest flipflops to align their positions at the expense of Underwood's right to a fair and meaningful clemency proceeding violate Oklahoma law and due process protections for an impartial decisionmaker.

Now, the Board is scrambling to add members. Just yesterday, the Governor appointed a new member. Order of Appointment by the Governor of Oklahoma (Dec. 5, 2024). Presumably, the new member will sit for Underwood's hearing. If the hearing happens on Monday, that gives the new member a weekend to complete the mandatory training required of all members and digest the hundreds of pages and hours of video that were submitted by the parties. Digesting these materials takes time, and it is critical to the integrity of the proceedings that Board members consume the materials presented by the parties. Indeed, the other members have had

the materials since November 15, 2024. These last-minute arbitrary actions reveal the Board is more committed to meeting the Attorney General's deadline for a hearing than it is to providing Underwood with a fair and impartial clemency hearing in accordance with the procedures to which he is entitled under Oklahoma law. Rushing through the clemency hearing is detrimental to Underwood's right to a fair hearing, to his opportunity to be heard, and to the integrity of the clemency proceedings as a whole.

## II.     The preliminary injunction factors favor a stay.

Due process protections are minimal in clemency proceedings, but they are not non-existent. It is black letter law that the Board cannot conduct clemency proceedings that violate its own policies or Oklahoma law. *Duvall v. Keating*, 162 F.3d 1058, 1061 (10th Cir.1998). The due process clause of the federal constitution protects Underwood's interest in a fair proceeding, and it ensures he "will receive the clemency procedures explicitly set forth by state law, and that the procedure followed in rendering the clemency decision will not be wholly arbitrary, capricious or based upon whim, for example, flipping a coin." *Id*. (citing *Ohio Parole Authority v. Woodard*, 523 U.S. 272, 289 (O'Connor, J., concurring)).

The Board's abrupt canceling and rescheduling of Underwood's hearing violate "the procedures explicitly set for by state law," and it renders the proceedings "wholly arbitrary, capricious or based upon whim, for example, flipping a coin." *Id*.

As is laid out fully in the complaint, Underwood has shown he is likely to succeed

on the merits of his complaint because

- The Board is moving forward with only three or four members despite the Oklahoma Constitution explicitly requiring a five-member Board. Okla. Const. Art. VI, § 10.

- The Board's decision to move forward with three or four members at this late hour is arbitrary considering it told the Attorney General that it wants to postpone Underwood's clemency hearing "until the two vacancies are filled and a full Board will be present." Emergency Petition for Writ of Mandamus at 2, *Drummond v. Pardon and Parole Board*, No. MA-2024-943 (Okla. Crim. App. Dec. 2, 2024).

- The Board is supposed to be impartial, yet it is changing its positions and arbitrarily aligning with the Attorney General, one of the parties before it. And the Board is also being represented by that same party in these proceedings, which directly touch on Underwood's clemency hearing.

- The Board's last-minute rescheduling of Underwood's clemency hearing deprived him of half his legal team, counsel which he is entitled to under 18 U.S.C. § 3599(e). *Harbison v. Bell*, 556 U.S. 180, 183-85 (2009).

- The Board violated the Oklahoma Open Meetings Act by failing to give notice at least ten days before the rescheduled hearing.

- The Board is moving forward with Underwood's clemency hearing despite not having the two members that are statutorily required Okla. Stat. tit. 57, §332.1B.

- The Board is arbitrarily defining a "majority" of the votes as all three members on the three-member Board, instead of an actual majority of two of the three members.

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *McDonald v. Wise*, 769 F.3d 1202, 1212-13 (10th Cir. 2014) (citations and internal quotation marks omitted). Each of the Board's violation on its own supports a finding that Underwood is likely to succeed on the merits. Altogether, it is unquestionable.

The Attorney General stresses the facts of Underwood's case, and he has routinely referred to Underwood as a monster in the press. Yet Underwood still has the same interest in a fair clemency proceeding as all other death row petitioners. Indeed, if the Attorney General is correct that Underwood has a slim chance at clemency, that is all the more reason to ensure that Underwood is provided with counsel and the due process protections to which he is entitled. If Underwood's chances are slim, it is imperative that he receive the same protections as everyone else.

Underwood's interest in a fair and lawful clemency hearing is substantial because it is his final chance to avoid execution. By contrast, the Board has a minimal interest in having the clemency hearing on December 9, as opposed to another date in the near future. The Due Process clause ensures Underwood "will receive the clemency procedures explicitly set forth by state law, and that the procedure followed in rendering the clemency decision will not be wholly arbitrary, capricious or based upon whim, for example, flipping a coin." *Duvall v. Keating*,

162 F.3d 1058, 1061 (10th Cir.1998) (citing *Ohio Parole Authority v. Woodard*, 523 U.S. 272, 289 (O'Connor, J., concurring)). If Underwood's clemency hearing goes forward on Monday, it will be wholly arbitrary, capricious, and based upon a whim.

<div style="margin-left:40%">

Respectfully submitted,

*s/ Brendan VanWinkle*
Brendan VanWinkle, SC Bar #104768
Assistant Federal Public Defender
Emma V. Rolls, OBA #18820
First Assistant Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee, Suite 707
Oklahoma City, OK 73102
(405)609-5975
Brendan_VanWinkle@fd.org
Emma_Rolls@fd.org

</div>