## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KEVIN UNDERWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-1266-G** |
| | ) | |
| **OKLAHOMA PARDON AND** | ) | |
| **PAROLE BOARD et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

In 2008, an Oklahoma jury convicted Plaintiff Kevin Underwood of first-degree murder and recommended a death sentence, which the trial court imposed. *Underwood v. Royal*, 894 F.3d 1154, 1160-61 (10th Cir. 2018). Following unsuccessful efforts on direct appeal, postconviction proceedings, and federal habeas corpus, Plaintiff is now scheduled for execution on December 19, 2024. *See id.*; Compl. ¶ 7 (Doc. No. 1).

On December 4, 2024, Plaintiff filed the instant lawsuit, seeking relief pursuant to 42 U.S.C. § 1983 against Defendants Oklahoma Pardon and Parole Board ("OPPB" or "the Board"), Tom Bates, in his official capacity as OPPB Director, and Richard Miller, in his official capacity as OPPB Chairperson. *See* Compl. ¶¶ 8-10. Now before the Court is Plaintiff's Motion to Stay (Doc. No. 3), to which Defendants have submitted a Response (Doc. No. 10), and Plaintiff has replied (Doc. No. 12). The Court heard argument on the Motion on December 6, 2024. As requested by the Court at that hearing, Defendants and Plaintiff have also filed Supplemental Briefs (Doc. Nos. 14, 15).

For the reasons set forth herein, Plaintiff's Motion to Stay is denied.

I.    *Threshold Matters*

Plaintiff's claims are asserted under 42 U.S.C. § 1983, which the Court assumes for purposes of the Motion is the proper vehicle for asserting a challenge to a state clemency proceeding. *See Gardner v. Garner*, 383 F. App'x 722, 725 (10th Cir. 2010). To establish Defendants' liability under § 1983, Plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and "that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although unnoted by the parties, Plaintiff's claims implicate immunity issues under the Eleventh Amendment. *See* U.S. Const. amend. XI. "The Eleventh Amendment grants states immunity from suits brought pursuant to § 1983 unless such immunity is specifically waived or overridden by Congress." *Littlejohn v. Quick*, No. CIV-24-996-SLP, 2021 WL 4314973, at *3 (W.D. Okla. Sept. 25, 2024). "Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983," and the State of Oklahoma has not generally waived its Eleventh Amendment immunity. *Id.* "A claim against [state officials] in their official capacities is essentially a claim against the State of Oklahoma and therefore, the Amendment's proscription applies to them." *Id.* at *4.

The Court concludes that its jurisdiction over this matter is not defeated by the Eleventh Amendment, however. Pursuant to *Ex parte Young*, 209 U.S. 123 (1908), "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). Having

considered the well-pleaded allegations of the Complaint, including its request for declaratory and injunctive relief, the Court finds that Plaintiff is suing state officials for "an ongoing violation of federal law" and is "seeking prospective relief." *Id.* at 1167; *see* Compl. ¶¶ 1, 8-10, 46, 55-57. These allegations are sufficient to satisfy the *Ex parte Young* exception and permit consideration of Plaintiff's § 1983 claims.

## II.    *Findings and Conclusions*

Based upon the undisputed aspects of the record and the parties' representations at the hearing of December 6, 2024, the Court finds and concludes as follows:

Article VI, section 10 of the Oklahoma Constitution creates "a Pardon and Parole Board to be composed of five members." Okla. Const. art. VI, § 10. Three members are to be appointed by the Governor, one member by the Chief Justice of the Oklahoma Supreme Court, and one member by the Presiding Judge of the Oklahoma Court of Criminal Appeals ("OCCA"). *Id.* It is "the duty of the Board to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all persons deemed worthy of clemency." *Id.* The Governor then makes "the ultimate decision whether to grant clemency." *Duvall v. Keating*, 162 F.3d 1058, 1060 (10th Cir. 1998); *see* Okla. Const. art. VI, § 10 ("The Governor shall have the power to grant, . . . after favorable recommendation by a majority vote of the Pardon and Parole Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as the Governor may deem proper, subject to such regulations as may be prescribed by law.").

A "clemency hearing" is "a hearing before the Board requested by an [inmate] on death row who has been scheduled for execution by the [OCCA]." Okla. Admin. Code § 515:10-1-2. The Oklahoma Statutes and Oklahoma Administrative Code set forth various requirements and criteria concerning the Board's makeup and its proceedings, including clemency hearings. *See* Okla. Stat. tit. 57, §§ 332.1 et seq.; Okla. Admin. Code tit. 515. In addition, the Board has established its own Policies, "which direct the actions of the [OPPB] in administering . . . clemency hearings." OPPB Policy 100, *available at* https://oklahoma.gov/ppb/about/policy-procedures.html (last visited Dec. 7, 2024). These Policies are "proposed by the Executive Director or a designee" and "approved . . . by a majority vote of the Board." *Id.*

On October 1, 2024, the OCCA set Plaintiff's execution for December 19, 2024. Compl. ¶ 12. On October 2, 2024, General Counsel for the Board emailed Plaintiff's legal team to inform them that Plaintiff's clemency hearing before the Board was scheduled for December 4, 2024, at 9:00 a.m. *Id.* ¶ 13.

Based upon that hearing setting, Plaintiff's retained expert psychologist, Dr. Kim Spence, made travel arrangements to attend the clemency hearing and present testimony to the Board. *Id.* ¶ 14. Hunter Labovitz, one of Plaintiff's attorneys, requested that an ongoing evidentiary hearing in a separate matter in the U.S. District Court for the Eastern District of Oklahoma recommence after the date of the clemency hearing. *Id.* ¶ 15.

On December 2, 2024, the Board's General Counsel informed Plaintiff's counsel that "the December 4 hearing was cancelled due to unexpected resignations." *Id.* ¶ 16. That same date, the Board set Plaintiff's clemency hearing as a "special meeting" on

December 9, 2024, at 9:00 a.m. *Id.*; *id.* Ex. 1, OPPB Email (Doc. No. 1-1); Defs.' Suppl. Br. Ex. 4, OPPB Meeting Notice Confirmation (Doc. No. 14-4). The Board's General Counsel also informed Plaintiff's counsel that the clemency hearing will go forward with only three Board members. Compl. ¶ 20.

As a result of two Board member resignations in November of 2024, when the meeting was rescheduled on December 2, 2024, and when this lawsuit was filed on December 4, 2024, the Board comprised three members. *See id.* ¶¶ 1, 16, 20. Plaintiff alleges that only one of these members was appointed by the Governor, with the other two appointed by the Chief Justice and the Presiding Judge. *See id.* ¶ 34.

On December 5, 2024, Governor J. Kevin Stitt appointed a fourth member to the OPPB. *See* Defs.' Resp. Ex. 1, Stava Appointment Order (Doc. No. 14-1). This new member intends to participate and to vote on Plaintiff's clemency request at the hearing on December 9, 2024. *See* Defs.' Resp. Ex. 2, Stava Aff. ¶¶ 5-9 (Doc. No. 14-2).

If the hearing takes place as scheduled on that date, Plaintiff's expert Dr. Spence will not be able to attend in person, but she will be able to appear and present testimony via videoconference. Plaintiff's attorney Mr. Labovitz is still scheduled to attend the Eastern District of Oklahoma hearing and has not requested relief from that Court with respect to the scheduling conflict.

III.    *Plaintiff's Due Process Claim*

Pursuant to the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Tenth Circuit Court of Appeals, and thus this Court, "assume[s] that some minimal level of

procedural due process applies to clemency proceedings." *Duvall*, 162 F.3d at 1061; *see Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 289 (1998) (O'Connor, J., concurring). This "minimal application of the Due Process Clause only ensures a death row prisoner that he or she will receive the clemency procedures explicitly set forth by state law, and that the procedure followed in rendering the clemency decision will not be wholly arbitrary, capricious or based upon whim, for example, flipping a coin." *Duvall*, 162 F.3d at 1061 (citing *Woodard*, 523 U.S. at 289-90 (O'Connor, J., concurring) (concluding that no due process violation occurred where "[t]he process [the inmate] received . . . comports with Ohio's regulations and observes whatever limitations the Due Process Clause may impose on clemency proceedings")). The Court limits its review "to analyzing the procedures used during the clemency proceedings and not the substantive merits of the clemency decision." *Id.*; *accord Gardner*, 383 F. App'x at 726.

Plaintiff contends that Defendants' conducting of the clemency hearing as it is contemplated to occur on December 9, 2024, will violate his due process rights under the Fourteenth Amendment in several respects. *See* Compl. ¶¶ 29-46, 51-58.[1] Plaintiff's claim implicates both aspects of the standard set forth in *Duvall*. First, Plaintiff alleges that he is not "receiv[ing] the clemency procedures explicitly set forth by state law" because (1) his hearing will not be conducted before a Board composed of five members, as prescribed by

---

[1] The Complaint also asserts that the inability of Plaintiff's psychological expert and more experienced attorney to attend the hearing violates his right to representation of counsel in that proceeding guaranteed by 18 U.S.C. § 3599(e). *See* Compl. ¶¶ 47-50. Because Plaintiff's Motion relies upon his due process claim as the basis for entry of a stay, however, the Court examines only that claim herein.

article VI, section 10 of the Oklahoma Constitution, and (2) the setting of the rescheduled hearing violated Oklahoma's Open Meeting Act, Okla. Stat. tit. 25, §§ 301 et seq. *Duvall*, 162 F.3d at 1061; *see* Compl. ¶¶ 29-46.[2]  Second, Plaintiff complains that his rescheduled proceedings are wholly arbitrary and capricious, due to: the date of the hearing not being changed until December 2, 2024; the change in his burden of proof with a Board of fewer than five members; and his expert's and attorney's scheduling conflicts.  *See* Compl. ¶¶ 51-58.

Plaintiff requests that the Court enter a declaratory judgment "declaring that Oklahoma must comply with the state law's five-member Board requirement" and enjoin the State from executing Plaintiff "until the completion of clemency proceedings that comply with state and federal laws and procedures."  Compl. at 16-17.

IV.    *Plaintiff's Motion to Stay*

Based upon Defendants' alleged due process violation, Plaintiff asks that his clemency hearing and his execution be stayed "to allow him to litigate his [action] in the ordinary course."  Pl.'s Mot. to Stay at 11.[3]

---

[2] Plaintiff additionally cited as an additional deviation from state law the fact that the hearing would be conducted with only one Board member having five years of training or experience in mental health services, substance abuse services, or social work, despite Oklahoma law requiring the Board to have two such members.  *See* Compl. ¶¶ 43-45; Okla. Stat. tit. 57, § 332.1B(B).  Plaintiff conceded at the hearing that the December 5, 2024 appointment of the fourth OPPB member renders that objection moot.

[3] In support, Plaintiff cites the All Writs Act, which establishes that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The Court assumes without deciding that this statute would permit the requested relief to issue.  But invocation of § 1651(a) "does not absolve [Plaintiff] of

Plaintiff's request is the functional equivalent of a motion for a preliminary injunction. *See Gardner*, 383 F. App'x at 725.

> Ordinarily, a movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also* Fed. R. Civ. P. 65(a). A showing on "[e]ach of these elements is a prerequisite for obtaining" injunctive relief. *Diné Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).

An application for injunctive relief "is addressed to the sound judicial discretion of the district court." *Goodpaster v. Okla. Gas & Elec. Co.*, 291 F.2d 276, 278 (10th Cir. 1961); *accord Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite*, 269 F.3d at 1154.

## A. Substantial Likelihood of Success on the Merits

The Court begins by considering whether Plaintiff has established a substantial likelihood of success on the merits of his due process claim—i.e., whether Plaintiff is substantially likely to succeed in showing that, in conducting the clemency hearing on December 9, 2024, Defendants will "subject[]" Plaintiff, "or cause[] [Plaintiff] to be subjected," "to a deprivation of his . . . lawful rights." *Porro v. Barnes*, 624 F.3d 1322,

---

his responsibility to make the showing necessary to obtain a stay." *Littlejohn*, 2024 WL 4314973, at *5.

1327 (10th Cir. 2010) (first and second alterations in original) (internal quotation marks omitted).

As shaped by the current record before the Court, the primary basis for Plaintiff's claim is that Defendants are failing to comply with "procedures explicitly set forth by state law" by conducting his clemency hearing before a Board comprising only four members. *Duvall*, 162 F.3d at 1061. As noted, the Oklahoma Constitution creates a Board "to be composed of five members" and prescribes that the Board has a duty to, "by a majority vote," make its favorable clemency recommendations to the Governor. Okla. Const. art. VI, § 10. Plaintiff argues that, based upon that constitutional requirement, he is entitled to a clemency hearing conducted by a Board that consists of five members.[4]

Defendants emphasize, however, that the Board's own policies define a quorum for its meetings as "three (3) members." Defs.' Resp. Ex. 3, OPPB Policy 101 (Doc. No. 10-3); *cf. Gardner*, 383 F. App'x at 726 (noting that the court must focus upon the board's "compliance with its own rules"). In addition, it is undisputed that the Board's past practice has been to conduct votes regarding pardons and other forms of clemency with fewer than five members, for reasons including vacancies and disqualifications. *See, e.g.*, *Simmons v. Allbaugh*, No. CIV-18-232-SLP, 2019 WL 3302820, at *2 (W.D. Okla. July 23, 2019); *see also* Okla. Stat. tit. 57, § 332.15. Indeed, such was the case in *Duvall*, where "the Board

---

[4] The Complaint also alleged that the hearing would fail to comply with the Oklahoma Constitution because it will not be conducted before a Board having three members appointed by the Governor, as prescribed by article VI, section 10. Neither the Motion nor the Reply offers any basis to find that the identity of the appointee of an individual Board member is material to the due process claim. Further, the recent addition of a second Governor-appointed member significantly undermines the argument's factual premise.

deadlocked on whether to recommend clemency by a two-two vote, with one member of the five-person Board abstaining due to a conflict of interest." *Duvall*, 162 F.3d at 1060. Although the issue of the constitutional five-member requirement was not squarely before the appellate court, the Tenth Circuit, in upholding the clemency proceedings against a due process challenge, held that the Oklahoma Constitution "clearly contemplates" such a tie vote. *Id.* at 1061 n.2. And all parties have represented to the Court that with the currently contemplated four-member hearing, they understand the requisite "majority vote" to be three votes in favor of clemency, which is the same numerical count (although not the same percentage share) of votes as would be required if five members participated.

Plaintiff also argues that the rescheduling of his hearing did not comport with state law because the new hearing was set only seven days in advance, in violation of Oklahoma's Open Meeting Act ("OMA").[5] Pursuant to the OMA, notice of regularly scheduled meetings must be given by December 15 of each calendar for the following year, and changes to the date or time of a regularly scheduled meeting require at least 10 days' notice. *See* Okla. Stat. tit. 25, § 311(A)(1), (8). But Defendants have presented evidence reflecting that the December 9, 2024 clemency hearing was set and will be held as a "special meeting" rather than a regular meeting. *See* OPPB Meeting Notice Confirmation at 1; Defs.' Suppl. Br. Ex. 5, OPPB Special Meeting Agenda (Doc. No. 14-5). Pursuant to

---

[5] The OMA applies to the Board's clemency hearings pursuant to both title 57, section 332.1(P) of the Oklahoma Statutes and Oklahoma Administrative Code § 515:10-5-2.

the OMA, special meetings require only 48 hours' prior notice; that requirement was complied with here.  *See* Okla. Stat. tit. 25, § 311(A)(12); Compl. ¶ 16.[6]

Moving on to the second aspect of the pertinent due process standard, Plaintiff argues that a variety of factors render his rescheduled clemency hearing "wholly arbitrary or capricious" in nature.  *Gardner*, 383 F. App'x at 727.  But the rescheduling of his original hearing date, besides complying with the OMA, actually provided Plaintiff with five additional days to prepare and is permitting the attendance of a fourth Board member. Plaintiff's expert psychologist already has submitted opinions to the Board via videotape, and there has been no showing that she is unable to adequately participate in the hearing through the use of video conferencing.  While one of Plaintiff's attorneys may not be available, Plaintiff will be represented by at least one other attorney.  Finally, Plaintiff's conclusory briefing allegations of a lack of impartiality on the part of the Board are unfounded in the record and inconsistent with the *Gardner* decision's rejection of similar allegations.  *See* Pl.'s Reply at 4-6; *Gardner*, 383 F. App'x at 726 n.1.

Having carefully considered all of the above, the Court concludes that while the Board's handling of the rescheduling was irregular with respect to state notice procedures, and caused inconvenience to any person planning to attend the hearing, the Board's

---

[6] It appears that the December 2, 2024 cancellation of the December 4, 2024 regular Board meeting may have violated the OMA, as the Court is not persuaded by Defendants' unsupported argument that a cancellation is not a "change to the date, time or place" of a meeting. Okla. Stat. tit. 25, § 311(A)(8); *see* Defs.' Suppl. Br. at 2-3.  The gist of Plaintiff's claim is that the December 9, 2024 hearing is violative of due process, however.  Beyond serving as an example of the Board's allegedly arbitrary actions, the cancellation of the first hearing does not reflect a failure to follow state law in any sense material to that claim.

proceedings are in "compliance with its own rules" and do not "reflect action that could be characterized as wholly arbitrary or capricious." *Gardner*, 383 F. App'x at 726-27; *cf. Sellers v. State*, 973 P.2d 894, 896 (Okla. Crim. App. 1999) (rejecting due process claim under *Woodard* where, despite noting "some irregularities in the notice process" and that the court "would not necessarily have prescribed the procedure that was followed," the inmate received the "minimal procedural safeguards" that apply to clemency proceedings). There is no suggestion in the record that Plaintiff has lacked sufficient notice of the composition of the hearing panel or that he will be denied an opportunity to be heard according to the Board's established procedures. Nor has there been any showing that the Board will be "prevented from conducting . . . an impartial investigation and study of [Plaintiff's] application for clemency." *Duvall*, 162 F.3d at 1062. Plaintiff's contentions and the relevant record therefore do not show that he is substantially likely to succeed on the merits of his due process claim.

### B. Remaining Elements

Because Plaintiff cannot satisfy his burden to show that he is substantially likely to succeed on the merits, the Court need not reach the other three elements necessary for a preliminary injunction to issue. *See Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006); *Diné Citizens*, 839 F.3d at 1285.

### C. Summary

The Court concludes that Plaintiff has not shown a substantial likelihood of success on his claim that the clemency hearing scheduled for December 9, 2024, fails to provide him the minimal due process to which he is entitled under governing Tenth Circuit and

Supreme Court precedent. It follows that he has not made a clear and unequivocal showing of entitlement to the "drastic relief" of an extraordinary interim remedy. *Schrier*, 427 F.3d at 1258 (internal quotation marks omitted) (noting that a preliminary injunction is "to be provided with caution" and "only in cases where the necessity for it is clearly established" (internal quotation marks omitted)). Issuance of a stay of that clemency hearing is unwarranted. As Plaintiff's accompanying request to stay his December 19, 2024 execution is premised upon the alleged due process violations associated with the December 9, 2024 hearing, that relief is likewise not merited.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay (Doc. No. 3) is DENIED.

IT IS SO ORDERED this 8th day of December, 2024.

CHARLES B. GOODWIN
United States District Judge