FILED
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 11, 2024**

Christopher M. Wolpert
**Clerk of Court**

---

KEVIN UNDERWOOD,

     Plaintiff - Appellant,

v.

OKLAHOMA PARDON AND PAROLE
BOARD, et al.,

     Defendants - Appellees.

No. 24-6259
(D.C. No. 5:24-CV-01266-G)
(W.D. Okla.)

---

## ORDER

---

Before **MATHESON**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.

---

Plaintiff Kevin Underwood has filed a *Request for a Stay of Clemency Proceedings and Execution*. We entered a temporary stay to facilitate our consideration of the motion and ordered the defendants to file a response, which they have done. Mr. Underwood has also filed a reply. After briefing was complete, the defendants filed a *Notice of Scheduling of New Clemency Hearing Date and Assurance of Compliance*, which advised the court that the Oklahoma Pardon and Parole Board has rescheduled Mr. Underwood's clemency hearing for December 13, 2024, at 9:00 a.m. CST.

Mr. Underwood then filed a *Notice that the Pardon and Parole Board Has Changed the Facts Relied on By the District Court*, and the defendants filed a response to that notice.

Although framed as a request for a stay, Mr. Underwood effectively moves for an injunction pending appeal.  We evaluate such motions under Federal Rule of Appellate Procedure 8(a)(2) using the preliminary injunction standard.  *See Warner v. Gross*, 776 F.3d 721, 728 (10th Cir.), *aff'd sub nom. Glossip v. Gross*, 576 U.S. 863 (2015).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

We have carefully considered these factors, and we conclude Mr. Underwood has not satisfied them.  We therefore lift the temporary stay entered on December 8, 2024, and we deny the motion.

Judge Rossman would grant the motion.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

2